**FILED**
**DECEMBER 12, 2019**
**In the Office of the Clerk of Court**
**WA State Court of Appeals, Division III**

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 36294-9-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | UNPUBLISHED OPINION |
| CHARLES BAKER | ) | |
| also known as DANIEL C. WILSON, | ) | |
| | ) | |
| Appellant. | ) | |

PENNELL, J. — Charles Baker appeals his conviction for residential burglary. We affirm.

## BACKGROUND

Mr. Baker was arrested after he was discovered squatting in a vacant rental house. Evidence of several crimes was discovered inside the house: a doorway had been booby-trapped with a knife (indicating an attempted assault), there was physical damage such as a broken window and graffiti (suggestive of malicious mischief), several items of personal property were missing (indicative of theft), and utilities had been used without permission (also indicative of theft).

The State charged Mr. Baker with residential burglary; he exercised his right to a jury trial.[1] At the close of trial, the court provided the jury with the following instruction, based on RCW 9A.52.040 and WPIC 60.05:[2]

> A person who enters or remains unlawfully in a building may be inferred to have acted with intent to commit a crime against a person or property therein. This inference is not binding upon you and it is for you to determine what weight, if any, such inference is to be given.

Clerk's Papers at 126. Mr. Baker did not object.

The contested issue at trial was whether Mr. Baker's illegal presence in the rental house was accompanied by intent to commit a crime. During summation, the State argued the jury could infer criminal intent from the booby-trap, physical damage, missing property, and unauthorized use of utilities. The State also argued the jury could find criminal intent by applying the court's permissive inference instruction.

The jury convicted Mr. Baker of residential burglary. He appeals.

ANALYSIS

Mr. Baker argues the State presented the jury with evidence of multiple acts of criminality (assault, malicious mischief, and theft) without a unanimity instruction.

---

[1] Mr. Baker also pleaded guilty to a charge of unlawful possession of heroin. The heroin conviction is not at issue in this appeal.

[2] 11A WASHINGTON PRACTICE: WASHINGTON PATTERN JURY INSTRUCTIONS: CRIMINAL 60.05, at 15 (4th ed. 2016) (WPIC).

According to Mr. Baker, this was problematic because it (1) deprived him of his right to a unanimous verdict, (2) allowed the permissive intent instruction to relieve the State of its burden of proof, and (3) resulted in the prosecutor misstating the law during summation regarding how the jury could infer intent to commit a criminal act.

The premise of Mr. Baker's argument is flawed because it confuses the concepts of actus reus and mens rea. The actus reus of burglary is illegal entry or remaining. The mens rea is the intent to commit a crime. By producing evidence at trial of multiple underlying crimes, the State was endeavoring to prove the mens rea of Mr. Baker's burglary charge, not the actus reus. To this end, the State did not need to prove the commission (or intent to commit) a specific crime. *State v. Bergeron*, 105 Wn.2d 1, 16, 711 P.2d 1000 (1985) ("[T]he specific crime or crimes intended to be committed inside burglarized premises is *not* an element of burglary."). Nor was jury unanimity as to an underlying crime required. *State v. Johnson*, 100 Wn.2d 607, 626, 674 P.2d 145 (1983) ("[J]ury unanimity on the underlying intent is . . . unnecessary."), *overruled on other grounds by Bergeron*, 105 Wn.2d at 4. Mr. Baker's arguments regarding multiple acts and jury unanimity are therefore inapposite and do not undermine the validity of his conviction.

No. 36294-9-III
*State v. Baker*

Because we disagree with Mr. Baker's legal arguments regarding proof of intent and jury unanimity, his claims regarding instructional error[3] and misstatements during summation necessarily fail.

CONCLUSION

The judgment of conviction is affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Pennell, J.

WE CONCUR:

Lawrence-Berrey, C.J.

Korsmo, J.

---

[3] Mr. Baker's claim of instructional error has also not been preserved for review on appeal. RAP 2.5(a)

4